**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RUTH D. TAYLOR**                                                                                      **PLAINTIFF**

**VS.**                          **CASE NO. 4:07-CV-0031 GTE**

**UNUM INSURANCE COMPANY OF AMERICA
and UNUMPROVIDENT CORPORATION and
CATHOLIC HEALTH INITIATIVES**                                              **DEFENDANTS**

## ORDER REMANDING CASE

Before the Court is Plaintiff's Motion for Remand to state court. Plaintiff alleges that this case should be remanded because the amount in controversy, exclusive of interest and costs, does not exceed $75,0000. Defendants have not responded to the motion and the time to do so has passed.[1]

Defendants' sole basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] Plaintiff concedes that complete diversity exists between the parties, but submits that the amount in controversy requirement is lacking in this case. Plaintiff asserts that her breach of contract claim involves a dispute over seven months of benefits at the rate of $1320.00 per month. Defendant has not challenged Plaintiff's valuation of her claim.

Where jurisdiction is based on diversity, the Court must acknowledge its lack of jurisdiction whenever "it appears to a legal certainty that the claim is really for less than the

---

[1] Plaintiff's motion to remand was filed on January 19, 2007.

[2] While this case involves the alleged non-payment of disability benefits, the underlying plan is a church plan. Church plans are exempt from the ERISA. 29 U.S.C. § 1002(3)((33)(C)(iv).

- 1 -

jurisdictional amount." *Kopp v. Kopp,* 280 F.3d 883, 884 (8th Cir.2002) (internal citations and quotations omitted).   If "the court questions whether the amount alleged is legitimate, [then] the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005).

For good cause shown,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand (Docket No. 4) be, and it is hereby, GRANTED.  The Clerk of the Court is directed to remand this case back to Pulaski County Circuit Court forthwith.

IT IS SO ORDERED this  6th  day of March, 2007.

       _/s/Garnett Thomas Eisele_____
       UNITED STATES DISTRICT COURT